```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| LESTER WARD, | : | NO. 1:06-CV-00301 |
| Petitioner, | : |   |
| v. | : | **OPINION AND ORDER** |
| ERNIE MOORE, | : |   |
| Respondent. | : |   |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 9) and Petitioner's Objection (doc. 12). For the reasons indicated herein, the Court ADOPTS in part the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus. However, for the reasons indicated herein, the Court rejects the Magistrate Judge's Recommendation as to the question of a certificate of appealability with regards to the second ground in Petitioner's Petition.

**I.  Background**

This habeas case involves Petitioner's challenge to the search and seizure of his van, which yielded contraband that supported his arrest, and Petitioner's challenge to the sentencing he ultimately received. In November 2003, the police, who had a long-running investigation into drug trafficking activities of Petitioner, obtained a warrant to place a global positioning tracking device on his van. The police supported their request for the warrant with evidence that the van had a secret compartment in

the fuel tank, that contained coffee grounds, which are commonly used to mask the odor of narcotics. The police also knew that the vehicle had been driven 120,000 miles in the previous year and a half.

On November 24, 2003, the police tracked the vehicle as it drove directly to Miami, Florida, stayed there for just over eight hours, and began its return trip toward Ohio. Based on this additional information, along with the previous information supporting the placement of the tracking device, the police obtained an anticipatory search warrant, such that when the van returned to Hamilton County, Ohio, they could search the hidden compartment. Upon execution of the warrant, the police found more than one kilogram of cocaine in the hidden compartment.

On June 17, 2004, subsequent to a plea of no contest, the Hamilton County, Ohio, Court of Common Pleas found Petitioner guilty of possession of cocaine and trafficking in cocaine, both with a major drug offender specification, and guilty of one count of possessing criminal tools (doc. 9). The court sentenced Petitioner to ten-year consecutive sentences on each of the possession and trafficking charges, while merging the specifications and criminal tools charge for sentencing (Id.).

Petitioner brings his current habeas petition raising two grounds for relief (Id.). He first argues that the search that resulted in his arrest violated his Fourth Amendment and due

process rights, as in his view, there was no "triggering event" for the search pursuant to an anticipatory warrant (Id.). He argues second that the court sentenced him beyond the statutory maximum based on fact-findings not found by a reasonable doubt by a jury, without any notice or opportunity to respond, and without any jury waiver, in violation of the Sixth Amendment and Blakely v. Washington, 542 U.S. 296 (2004)(Id.).

**II.   The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found Petitioner's first asserted ground without merit, because under Stone v. Powell, 428 U.S. 465, 494-95 (1976), the court will not address a Fourth Amendment claim upon habeas review where the Petitioner had a full and fair opportunity to litigate the claim in state court, and the claim was not thwarted by any failure of the state's corrective processes (Id.). The Magistrate Judge found Petitioner presented his Fourth Amendment claim to the trial court, which held a suppression hearing and issued a reasoned decision (Id.). Petitioner appealed and the Ohio Court of Appeals found no merit to the claim, and later the Supreme Court of Ohio was not persuaded to review the issue (Id.). Petitioner clearly had a full and fair opportunity to present his Fourth Amendment claim in state court (Id.).

Petitioner's present argument, however, is that Stone v. Powell is inapplicable under Carlson v. Ferguson, 9 F. Supp.2d 654, 657 (S.D. W.Va. 1998), which held that the Anti-Terrorism and

3

Effective Death Penalty Act ("AEDPA") does not exclude Fourth Amendment claims of state petitioners from its analysis (Id.). Under this view, a Petitioner need not initially meet the full and fair opportunity test of Stone, but rather can proceed to analysis under the AEDPA(Id.). The Magistrate Judge rejected Petitioner's argument under Carlson, concluding that the holding in Carlson has not been followed by other courts (Id.). The Magistrate Judge opined that when Congress enacted AEDPA, it did not intend to expand in any way a habeas petitioner's right to overturn a state decision (Id.). Consequently, the AEDPA does not affect Stone, which still requires that a petitioner meet the full and fair opportunity test (Id. citing Smith v. Bradshaw, No. 5:04-CV-1235, 2006 U.S. Dist. LEXIS 53753, *9-13 (August 3, 2006, N.D. Ohio)).

The Magistrate Judge next addressed Petitioner's second ground for relief, which the Magistrate Judge found procedurally defaulted and waived (Id.). Citing the record, the Magistrate Judge noted that the First District Court of Appeals rejected Petitioner's claim, finding the ten-year sentences mandatory and Blakely inapplicable to consecutive sentences (Id.). The state appellate court further found the trial court adequately assessed on the record findings as to whether the imposition of consecutive sentences were warranted to protect the public and to punish the offender (Id.).

Petitioner failed to appeal his Blakely claims to the

4

Supreme Court of Ohio (Id.). Moreover, his subsequent Rule 26(B) application to reopen was based on ineffective assistance of counsel and did not raise such claims (Id.). The Magistrate Judge concluded therefore that Petitioner failed to fairly present his claims through the requisite levels of review to the state's highest court, and therefore such claims are subject to dismissal with prejudice as waived (Id. citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

The Magistrate Judge proceeded to consider whether any cause and prejudice or a miscarriage of justice could excuse Petitioner's procedural default (Id.). The Magistrate rejected the theory that either Petitioner's counsel on direct appeal, or on appeal to the Supreme Court of Ohio were ineffective so as to excuse Petitioner's procedural default (Id.). The Magistrate Judge opined that Petitioner suffered no prejudice as a result of his appellate counsel's alleged failure to raise the issue of the imposition of consecutive sentences, because the Ohio Court of Appeals nevertheless addressed and ruled on the issue (Id.). As for Petitioner's subsequent appeal to the Ohio Supreme Court, the Magistrate Judge reported that Petitioner had no right to effective assistance of counsel, because such right attached only to his first appeal as of right, to the Court of Appeals (Id. citing State v. Vaughn, 241 N.E. 2d 288 (Ohio Ct. App. 1968)). For these reasons, the Magistrate Judge found Petitioner failed to establish

5

cause and prejudice to excuse his procedural default as to ground two, nor has Petitioner demonstrated failure to consider any procedurally defaulted claim will result in a fundamental miscarriage of justice (Id.). Consequently, the Magistrate Judge concluded that Petitioner has waived any constitutional claim associated with ground two of the petition (Id.).

The Magistrate Judge therefore recommended that Petitioner's petition for writ of habeas corpus be denied with prejudice, and that the Court decline to issue a certificate of appealability with respect to either ground of the petition (Id.). The Magistrate Judge further recommended that the Court certify that any appeal of any order adopting his Report and Recommendation would not be taken in good faith, and therefore deny Petitioner leave to proceed on appeal in forma pauperis (Id.).

**III. Petitioner's Objections**

Petitioner raised five objections to the Magistrate Judge's Report and Recommendation (doc. 12). First, Petitioner argues that the Magistrate Judge erroneously relied upon Smith v. Bradshaw, 2006 U.S. Dist. LEXIS 53753, *9-13 (August 3, 2006, N.D. Ohio), in rejecting Carlson v. Ferguson, 9 F. Supp.2d 654, 657 (Id.). Petitioner argues that Carlson specifically held that the Stone full and fair opportunity analysis did not survive the enactment of AEDPA (Id.). Petitioner argues the Court should follow the statute, which does not draw any distinctions for a

6

Fourth Amendment claim and makes no exceptions or exemptions therefor (Id.). In Petitioner's view, therefore, the Court should reach the merits of whether the state court decision involved an unreasonable determination of the facts in light of the evidence or involved an unreasonable application of clearly established Federal law (Id.). In the alternative, contends Petitioner, the Court should grant a certificate of appealability as the differing views evidenced by the Carlson and Smith courts show the issue is debatable among jurists of reason (Id. citing Barefoot v. Estelle, 463 U.S. 880 (1983)).

Petitioner's second objection is that the Magistrate Judge failed to recommend relief on the merits of his Fourth Amendment claim (Id.). Petitioner argues that police obtained an anticipatory search warrant contingent upon an unmet precondition that the van return to the territorial jurisdiction of the requesting agency (Id.).[1] Petitioner argues the search therefore was outside the parameters of the warrant, and the officers were deprived of jurisdiction to execute the warrant (Id.).

Petitioner's third objection is that the Magistrate erred in finding his Blakely claim defaulted (Id.). Petitioner argues because he did not present the question of consecutive sentences to

---

[1] The Court does not find Petitioner's argument on this point supported in the record. In the Court's understanding the anticipatory warrant was both issued and executed in Hamilton County, Ohio.

the appeals court, there can be no procedural default attached to such appeal (Id.). Petitioner argues his subsequent Ohio Appellate Rule 26(B) Application and the timely appeal therefrom constitutes his fair presentment of the issue, and therefore he has not defaulted his Blakely claim regarding consecutive sentences (Id.).

Fourth, Petitioner objects to the Magistrate Judge's conclusion finding no cause and prejudice or a manifest miscarriage of justice to excuse the procedural default as to the Blakely claim regarding the length of sentence (Id.). Petitioner argues the additional elements necessary to enhance his sentence were not alleged in the Indictment, so the prosecution failed to meet its burden on these elements by proving them beyond a reasonable doubt (Id.).

Fifth, Petitioner objects to the Magistrate Judge's recommendation to deny a certificate of appealability on the issue of his recommended procedural ruling (Id.). Petitioner argues he has made a colorable claim that his counsel failed to raise the consecutive sentences portion of his Blakely claim, that he preserved such claim with his timely Rule 26(B) Application and appeal (Id.). Petitioner contends that jurists of reason would find it debatable whether the Magistrate Judge is correct in his conclusion to the contrary (Id.).

**IV. Discussion**

Having reviewed this matter de novo, the Court finds the

8

Magistrate Judge's Report and Recommendation well-reasoned and correct. The Court agrees with the Magistrate Judge's conclusion under Stone v. Powell, 428 U.S. 465, 494-95 (1976), that the Court cannot address a Fourth Amendment claim upon habeas review where the Petitioner had a full and fair opportunity to litigate the claim in state court, and the claim was not thwarted by any failure of the state's corrective processes. The Court finds no question that Petitioner's Fourth Amendment claims were addressed in the context of a hearing on a motion to suppress, that the state trial court provided Petitioner with a full and fair opportunity to litigate the legality of the search of his van, and its decision finding the search legal was upheld on appeal.

Although the Court finds well-taken Petitioner's argument that jurists of reason could disagree as to the application of the Stone "full and fair opportunity" analysis in the light of Carlson v. Ferguson, 9 F. Supp.2d 654, 657 (S.D. W.Va. 1998), the argument is unavailing because the Court remains unconvinced that jurists of reason would find it debatable that the search of Petitioner's van violated the Fourth Amendment or due process. Petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claim, where the facts show the officers had a valid warrant to search his van upon its return to Hamilton County. The Court therefore finds the Magistrate Judge's conclusion correct that a certificate of appealability should not

9

issue as to ground one of Petitioner's Petition.

With respect to Petitioner's second ground for relief, that he was sentenced beyond the statutory maximum in violation of the Sixth Amendment and Blakely v. Washington, 542 U.S. 296 (2004), the Court finds the Magistrate Judge's reasoning well-taken. Even should Petitioner not have defaulted on the question of consecutive sentences, his ten year sentences were mandatory based on the amount of cocaine he possessed, Ohio Revised Code §§ 2925.11(C)(4)(f), 2925.03, 2929.14(A)(1). According to the record, the trial court made the requisite findings concerning the imposition of consecutive sentences, and explicitly found one ten-year term insufficient based on the amount of the cocaine involved.

The Court agrees with the Magistrate Judge that although the appeals court squarely addressed the consecutive sentencing issue, Petitioner failed to raise the issue, or any other Blakely claim, for review in the Ohio Supreme Court. The Court does not find well-taken Petitioner's position that because he personally did not raise the consecutive sentencing issue before the appeals court, but the court addressed it anyway, somehow he avoided procedural default when he failed to address the issue in his subsequent appeal. The Court further finds well-taken the Magistrate Judge's position that Petitioner's later 26(B) Application does not constitute a cure to Petitioner's default. However, out of an abundance of caution, the Court notes

Petitioner's fifth objection and agrees that jurists of reason might very well find it debatable that he preserved for habeas review the issue of consecutive sentencing.  Such issue could be viewed as implicating constitutional concerns under <u>Blakely</u>, as evidenced by the Supreme Court of Ohio's decision in <u>State v. Foster</u>, 109 Ohio St.3d 1, 845 N.E. 2d 470 (2006)(finding unconstitutional the imposition of consecutive sentences based on judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant).  For these reasons, the Court finds it appropriate to issue a certificate of appealability as to Petitioner's second ground in his Petition.

Finally, the Court finds the Magistrate Judge's conclusion well-taken that Petitioner has not demonstrated cause and prejudice to excuse his procedural default regarding the length of his sentence, or that such default will result in a fundamental miscarriage of justice.  In the Court's view Petitioner cannot be prejudiced due to any alleged ineffective assistance of counsel in failing to raise this issue, because the court of appeals addressed it nonetheless, under then-existing precedent.

For all of these reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in part (doc. 9), to the extent that the Court DENIES with prejudice Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1), and DECLINES to issue a certificate of appealability with respect to

11

ground one of the petition, because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim.  28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). However, the Court REJECTS the Magistrate Judge's Recommendations that a certificate of appealability should not issue as to the second ground of the petition.  The Court FINDS, rather, that a certificate of appealability should issue with regard to Ground Two of Petitioner's Petition, because jurists of reason would find it debatable 1) whether Petitioner preserved his claim concerning consecutive sentences for collateral review, and 2) whether such claim is premised on a valid constitutional claim under Blakely. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

     Finally, in accordance with its findings in this Order, the Court GRANTS Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a).  Kincaid v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


SO ORDERED.


Dated: April 29, 2008       /s/ S. Arthur Spiegel

                                        S. Arthur Spiegel
                                        United States Senior District Judge